**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO: 26-CV-80574-AMC**

RAYANE THIBODEAU,

        Plaintiff,

  v.

CHANEL, INC.,

        Defendant.

---

## <u>DEFENDANT CHANEL, INC.'S  REMOVAL STATUS REPORT</u>

Defendant, Chanel, Inc. ("Chanel" or "Defendant"), by and through the undersigned counsel, pursuant to the Court's Order Requiring Removal Status Report (ECF No. 4), hereby files this Removal Status Report[1], and states as follows:

**1.**     **A plain statement of the nature of the claim and any counterclaim, cross-claim, or third-party claim, made in state or federal court including the amount of damages claimed and any other relief sought.**

Plaintiff Rayane Thibodeau brings forth this action alleging Chanel, Inc. discriminated and retaliated against her in violation of the Florida Civil Rights Act.  Plaintiff seeks relief in the form of compensatory damages, back pay, front pay, attorney's fees, costs, pre and post judgement interest and injunctive relief.  Plaintiff also demands a trial by jury.  Chanel denies any liability and wrongdoing as to Plaintiff's claims. Chanel does not have any counterclaim or cross-claims against Plaintiff to date. This matter does not involve any third-party claims.

---

[1] Throughout this Report, Chanel provides a high-level overview of the information requested with citations to the record in compliance with this Court's instructions. (ECF No. 4 at 2) ("If the removing party has provided some or all of the information requested [], briefly summarize the information requested and direct the Court to the location of the information in the record.")

**2.      A plain statement of the grounds for removal and a listing of all parties to the action, including parties to any third party claim.**

Plaintiff Thibodeau and Defendant Chanel are the only parties involved in the present action. Chanel removed the case based on diversity jurisdiction. As explained in greater detail in Chanel's Notice of Removal (ECF No. 1) and Chanel's Supplemental Declaration (ECF No. 8), this Court has complete diversity jurisdiction over this action. Pursuant to 28 U.S.C. § 1332(a), this Court has diversity jurisdiction because there is complete diversity of citizenship between the parties—Plaintiff is a Florida citizen, while Chanel is incorporated in New York with its principal place of business in New York, New York — and the amount in controversy exceeds $75,000—as Plaintiff's purported damages exceed $75,000. (ECF No. 1 at ¶¶ 6-8, 11-14; ECF No. 8 at ¶¶ 1-5.) Accordingly, this action is also removable to this Court pursuant to 28 U.S.C. § 1441(b).

**3.      A list of all pending motions.**

There are no motions currently pending in the former state court proceeding.

Pursuant to the Court's Order Requiring Removal Status Report, Defendant states that it previously filed a copy of all records and proceedings from the state court. (*See* ECF Nos. 1-2 , 1-4, and 1-5.)

**4.      A brief statement by each Defendant explaining whether or not each has joined in or consented to the notice of removal.**

Chanel filed the Notice of Removal and consents to removal of the case. There are no other defendants in this action.

**5.      A statement regarding whether the Defendants have removed the action within thirty 30 days after the receipt by the Defendants, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after service of summons upon the Defendants, if such initial pleading has been filed in court and is not required to be served on the Defendants in this action.**

On April 7, 2026, Plaintiff commenced a civil action against Chanel by filing a complaint in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. Chanel was served with Plaintiff's initial pleading on April 15, 2026. On April 24, 2026, Chanel filed its first Unopposed Motion for Extension of Time. The Agreed Order was entered by the Court on April 24, 2026 and extended Chanel's time to respond to Plaintiff's Complaint up to and including May 19, 2026. On May 13, 2026, Chanel filed its Second Unopposed Motion for Extension of Time to Respond. The Agreed Order was entered by the Court on May 14, 2026 and extended Chanel's time to respond to Plaintiff's Complaint up to and including June 18, 2026.  Chanel filed its Notice of Removal (ECF No. 1) on May 15, 2026. Accordingly, Chanel removed the case within 30 days of service of receipt of Plaintiff's initial pleading.

DATED:  June 8, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By:  */s/ Alex S. Drummond*

Alex S. Drummond
Florida Bar No. 0038307
adrummond@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA  30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant*
*Chanel, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 8, 2026, I presented the foregoing REMOVAL STATUS REPORT with the Clerk of the Court using the CM/ECF system and via e-mail to the counsel of record:

Anthony M. Georges-Pierre, Esq
agp@rgph.law

**REMER, GEORGES-PIERRE &
HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd,
Coral Gables, FL 33134
Telephone: (305) 416-5000

*/s/ Alex S. Drummond*
Alex S. Drummond
*Counsel for Defendant Chanel, Inc.*

4