**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.: 9:26-CV-80574-AMC**

RAYANE THIBODEAU,

   *Plaintiff,*

v.

CHANEL, INC.,

   *Defendant.*

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Rayane Thibodeau, by and through undersigned counsel, hereby responds in opposition to Defendant Chanel, Inc.'s ("Chanel") Motion to Dismiss Plaintiff's Complaint (ECF No. 14) (the "Motion"), and respectfully states as follows:

**INTRODUCTION**

Chanel's Motion advances two theories, and the two cannot stand together. First, Chanel argues that Plaintiff's failure-to-hire claim is barred by *res judicata* because it "could have been raised" in *Rayane Thibodeau v. Chanel, Inc.*, No. 9:24-cv-80273-KAM (*"Thibodeau I"*). Second, Chanel argues that the very same claim is time-barred because it arises from a job application that, by Chanel's own sworn evidence, was submitted on July 30, 2024, more than six months *after Thibodeau I* was filed on January 26, 2024. Chanel cannot have it both ways. A claim that did not yet exist when *Thibodeau I* was filed could not, as a matter of law, have been litigated in *Thibodeau I*, and the Eleventh Circuit has squarely so held. Chanel's *res judicata* theory collapses under the weight of its own timeline.

Chanel's exhaustion-and-limitations theory fares no better, at least not on a motion to dismiss. The linchpin of that theory is the date Plaintiff submitted his application. But the Complaint pleads no such date (as Chanel concedes), and the sole source for the July 30, 2024 date is a declaration Chanel attached to its Notice of Removal. That declaration is not a public record, is not subject to judicial notice, and cannot be credited on a Rule 12(b)(6) motion without converting the Motion into one for summary judgment and affording Plaintiff discovery. Because Chanel's affirmative defenses do not appear on the face of the Complaint, and because Plaintiff has pleaded that all conditions precedent to suit have been satisfied, the Motion should be denied.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Chanel hired Plaintiff as an Assistant Manager in or about August 2020. (Compl. ¶ 5.) Beginning in or about November 2020, Plaintiff was subjected to repeated and unwelcome sexual harassment by his supervisor, Operations Manager Paul Rados. (Compl. ¶ 7.) In or about August 2021, Plaintiff reported the harassment to Human Resources. (Compl. ¶ 9.) Chanel terminated Rados following the report but placed Plaintiff on suspension. (Compl. ¶¶ 11-12.) During the suspension, Plaintiff sought a transfer to another Chanel location; before he could complete that process, Chanel terminated his employment on September 20, 2021. (Compl. ¶¶ 13-14.)

On February 25, 2022, Plaintiff dually filed a Charge of Discrimination with the EEOC and the Florida Commission on Human Relations, Charge No. 510-2022-03909, alleging sex discrimination and retaliation. (Mot. Ex. A.) The EEOC issued a Dismissal and Notice of Rights on October 11, 2022. (Mot. Ex. B.) On January 26, 2024, Plaintiff filed *Thibodeau I*, asserting sex

discrimination and retaliation claims under the Florida Civil Rights Act of 1992 ("FCRA")[1] arising from his employment and termination. The parties later stipulated to dismissal of *Thibodeau I* with prejudice, which the Court entered on October 23, 2024. (Mot. at 4, 9.)

In this action (*"Thibodeau II"*), Plaintiff alleges that, after his termination, he applied for an open position at a Chanel location and that Chanel refused to consider or hire him because of his prior protected activity, his 2021 complaint of sexual harassment and his opposition to unlawful employment practices. (Compl. ¶¶ 15-21.) The Complaint does *not* allege the date of that application. Chanel asserts, relying solely on the "Dillion Declaration" attached to its Notice of Removal (ECF No. 1-3), that the application was submitted on July 30, 2024. (Mot. at 7 & n.9.)

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept the complaint's well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff. *Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010).

Statute of limitations and *res judicata* are affirmative defenses. *See* Fed. R. Civ. P. 8(c). A plaintiff is not required to negate an affirmative defense in the complaint, and dismissal under Rule 12(b)(6) on such grounds is appropriate "only if it is apparent from the face of the complaint that the claim is" barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

---

[1] The FCRA is modeled on Title VII and is construed in conformity with federal decisions interpreting Title VII. *See Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998). Federal authorities interpreting Title VII's exhaustion and charge-scope requirements therefore apply with equal force to Plaintiff's FCRA claim.

On a Rule 12(b)(6) motion, the Court generally may not consider matters outside the four corners of the complaint. *Speaker*, 623 F.3d at 1379. If matters outside the pleadings are presented and not excluded, the motion "must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent." Fed. R. Civ. P. 12(d). A narrow exception permits consideration of a document referenced in a motion to dismiss only where the document is (1) central to the plaintiff's claim and (2) of undisputed authenticity. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005); *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010).

## ARGUMENT

## I.    RES JUDICATA DOES NOT BAR PLAINTIFF'S FAILURE-TO-HIRE CLAIM BECAUSE THE CLAIM AROSE AFTER *THIBODEAU I* WAS FILED.

*Res judicata* bars a subsequent action only where four elements are met: (1) a final judgment on the merits; (2) rendered by a court of competent jurisdiction; (3) involving identical parties; and (4) involving the same cause of action. *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (en banc). Critically, the doctrine reaches only those claims that were or *could have been* raised in the prior action and, in the Eleventh Circuit, the universe of claims that "could have been" raised is fixed as of the date the earlier complaint was filed.[2] "Claims that 'could have been brought' are claims in existence at the time the original complaint is filed." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1298 (11th Cir. 2001) (emphasis added). Chanel cites this very proposition. (Mot. at 8.)

---

[2]Because the preclusive effect of *Thibodeau I*, a federal judgment, is at issue, federal common law governs its *res judicata* effect. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008).

That rule is fatal to Chanel's theory. The Eleventh Circuit has repeatedly held that *res judicata* does not bar claims that arise *after* the original complaint is filed, even where the plaintiff learns of the operative facts during the pendency of the first action and could have sought leave to amend. In *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354 (11th Cir. 1998), the plaintiff sued for discrimination, learned during that litigation that the defendant had filled positions she sought, but did not amend; after the first suit was resolved against her, she filed a second suit based on those later events. The Eleventh Circuit held the second action was *not* barred, reasoning that a plaintiff has no continuing obligation to amend the complaint to encompass events postdating the original pleading, and that such later-arising claims are not precluded. *Id.* at 1357. According to *Manning v. City of Auburn*, 953 F.2d 1355, 1360 (11th Cir. 1992) ("[W]e do not believe that the *res judicata* preclusion of claims that 'could have been brought' in earlier litigation includes claims which arise after the original pleading is filed in the earlier litigation.").

Here, by Chanel's own account, Plaintiff's failure-to-hire claim arises from a job application submitted on July 30, 2024. (Mot. at 7 & n.9.) *Thibodeau I* was filed on January 26, 2024. (Mot. at 2.) The failure-to-hire claim therefore did not exist and could not have been asserted when *Thibodeau I* was filed more than six months earlier. Under *Piper*, *Pleming*, and *Manning*, the claim is not barred by *res judicata* as a matter of law.

Chanel's lead authority, *Hodges v. Publix Super Markets, Inc.*, 372 F. App'x 74 (11th Cir. 2010), proves the point. The *Hodges* court barred a failure-to-rehire claim precisely because the applications at issue "were in existence at the time he filed *Hodges I*." *Id.* at 76-77; (Mot. at 9-10). The timing in *Hodges* is the mirror image of the timing here: there, the applications *predated* the first suit; here, by Chanel's own evidence, the application *postdates* it. While the *Hodges* court did bar the failure-to-rehire claim based on *res judicata*, it did so because the underlying

discriminatory conduct, the act of not being rehired, occurred *prior* to the final judgment in the first lawsuit, rather than simply because the job applications existed. *Hodges* therefore confirms that *res judicata* does not reach Plaintiff's claim.

Chanel's only escape is a hypothetical it manufactures in a footnote: that, "out of an abundance of caution," it will "assume" Plaintiff's application predated January 26, 2024. (Mot. at 4 n.7.) But Chanel cannot defeat a claim by assuming facts contrary to its own sworn evidence, and in any event the Court must construe the Complaint, not Chanel's assumptions, in the light most favorable to Plaintiff. *Iqbal*, 556 U.S. at 678. The pleaded claim is a post-termination failure to hire; Chanel's own records date the operative application to July 30, 2024; and a claim that arose in mid-2024 is not barred by a judgment in an action filed months earlier. Section III of the Motion should be denied.

## II.   CHANEL'S EXHAUSTION AND LIMITATIONS DEFENSE CANNOT BE RESOLVED ON A MOTION TO DISMISS.

Chanel's remaining theory is that Plaintiff failed to exhaust, and can no longer timely exhaust, his failure-to-hire claim under the FCRA. That theory depends entirely on a single contested fact, the date Plaintiff submitted his application, that appears nowhere in the Complaint. For three independent reasons, the defense cannot support dismissal at the pleading stage.

### A.   The Limitations Defense Is Not Apparent From the Face of the Complaint.

A claim may be dismissed as time-barred on a Rule 12(b)(6) motion "only if it is apparent from the face of the complaint that the claim is time-barred." *La Grasta*, 358 F.3d at 845. The FCRA requires a claimant to file a charge within 365 days of the alleged violation. § 760.11(1), Fla. Stat. Whether Plaintiff's charge was timely as to the failure-to-hire claim thus turns on *when*

that alleged violation occurred. But the Complaint does not allege that date, a point Chanel expressly concedes, acknowledging that Plaintiff "omitted the date regarding the alleged application." (Mot. Mem. at 1; *see also id.* at 4 n.7, 7 n.9.) Because the triggering date does not appear on the face of the Complaint, it is not "apparent" that any limitations period has run, and dismissal on limitations grounds is improper. *La Grasta*, 358 F.3d at 845–46.

**B.      Chanel's July 30, 2024 Date Rests on Extrinsic Evidence That Cannot Be Considered Without Converting the Motion.**

Recognizing that the Complaint supplies no date, Chanel supplies one itself, drawn entirely from the "Dillion Declaration" attached to its Notice of Removal. (Mot. at 7 & n.9 (citing ECF No. 1-3 ¶¶ 5–6).) That declaration cannot be considered on a Rule 12(b)(6) motion. While the Court may take judicial notice of Plaintiff's EEOC charge and right-to-sue notice, public agency records whose accuracy is not subject to reasonable dispute, *see Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010), a party's self-serving declaration about a disputed, merits-determinative fact is neither a public record nor a document of "undisputed" authenticity and centrality. *See Day*, 400 F.3d at 1276; *SFM Holdings*, 600 F.3d at 1337. The narrow incorporation-by-reference exception is unavailable precisely because Plaintiff disputes Chanel's characterization of when, and how many times, he applied.

Should the Court be inclined to consider the Dillion Declaration, Rule 12(d) requires that the Motion "be treated as one for summary judgment," with "all parties . . . given a reasonable opportunity to present all the material that is pertinent." Fed. R. Civ. P. 12(d). That is precisely the course this Court followed in *Thibodeau I*, where, as Chanel itself recounts, the Court declined to resolve timeliness on the pleadings and instead afforded the parties limited discovery on that very issue before any merits determination. (Mot. at 4.) The same course is warranted here: Plaintiff is

entitled to discovery into Chanel's records concerning his application(s) before any limitations defense may be adjudicated.

**C.      Exhaustion Is a Non-Jurisdictional, Fact-Bound Defense, and Plaintiff Has Pleaded Satisfaction of All Conditions Precedent.**

Even setting aside its evidentiary defects, Chanel's exhaustion argument cannot be resolved on the pleadings. Administrative exhaustion under Title VII and thus under the FCRA is a non-jurisdictional, waivable claim-processing rule, not a pleading element the plaintiff must affirmatively establish in the complaint. *Fort Bend Cnty. v. Davis*, 587 U.S. 541, 549–51 (2019). Under Rule 9(c), a plaintiff may aver generally "that all conditions precedent have occurred or been performed," and the burden then falls on the defendant to deny performance "with particularity." Fed. R. Civ. P. 9(c); *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982). Whether the plaintiff in fact exhausted is then a question of proof, not pleading. Plaintiff has pleaded that all conditions precedent to suit have been performed or have occurred. (Compl. ¶ 4.) That averment satisfies Rule 9(c) and forecloses dismissal at this stage.

Moreover, the scope of a plaintiff's permissible judicial claims is not confined to the four corners of the administrative charge; it extends to any claim "like or related to, or growing out of, the allegations contained in the EEOC charge," and the charge is construed liberally because it is completed by laypersons. *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1280 (11th Cir. 2004); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970). Plaintiff's February 2022 Charge expressly alleged retaliation for his protected activity and referenced his effort to obtain another position with Chanel. (Mot. Ex. A.) Whether his later failure-to-hire claim is sufficiently related to that retaliation to fall within the scope of the Charge or within the recognized exception for retaliation growing out of a properly filed charge, *see Gupta v. E. Tex. State Univ.*,

654 F.2d 411, 414 (5th Cir. Unit A 1981) presents fact questions unsuited to resolution on the pleadings. The discrete act authorities on which Chanel relies, including *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), and *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265 (11th Cir. 2002), were decided on developed evidentiary records not on a Rule 12(b)(6) motion and do not authorize dismissal at the pleading stage.

## III.     ANY DISMISSAL SHOULD BE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND.

Chanel asks the Court to dismiss *with prejudice*, contending that amendment would be "futile." (Mot. at 11.) Futility cannot be established on this record. Leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), and a district court should not dismiss with prejudice without affording at least one opportunity to amend unless amendment would be futile or the plaintiff has repeatedly failed to cure deficiencies. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because the operative facts concerning the timing, number, and circumstances of Plaintiff's applications have not been developed and because, as shown above, those facts will determine both the exhaustion and limitations questions, dismissal with prejudice would be premature. At most, any dismissal should be without prejudice and with leave to amend.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court *deny* Defendant's Motion to Dismiss in its entirety. In the alternative, to the extent the Court considers matters outside the pleadings, Plaintiff requests that the Court treat the Motion as one for summary

judgment under Rule 12(d) and afford the parties a reasonable opportunity for discovery; and to the extent the Court grants any relief, Plaintiff requests that dismissal be *without* prejudice and with leave to amend.

Dated: June 27, 2026

Respectfully submitted,

**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**

By: /s/ *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.
Florida Bar No. 533637
2745 Ponce De Leon Boulevard
Coral Gables, Florida 33134
Telephone: (305)416-5000
Email: agp@rgph.law
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Anthony M. Georges-Pierre*
Anthony M. Georges-Pierre, Esq.