UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-80574-Cannon/McCabe

RAYANE THIBODEAU,

Plaintiff,

v.

CHANEL, INC.,

Defendant.

______________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, which was referred to the undersigned by United States District Judge Aileen M. Cannon. (DE 14, DE 15). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **DENIED** without prejudice to be renewed as a motion for summary judgment.

## I. BACKGROUND

This is the second of two employment discrimination lawsuits filed by Plaintiff against her former employer. In the first suit, Case No. 24-cv-80273-Marra ("Lawsuit #1"), Plaintiff alleged that she formerly worked as an Assistant Manager for Defendant up until her termination on September 20, 2021. (DE 1-1 ¶¶ 13, 21, Lawsuit #1). She alleged that Defendant discriminated against her in violation of the Florida Civil Rights Act ("FCRA") by, among other things, sexually harassing her and terminating her in retaliation for complaining about sexual harassment. (DE 1-1 ¶¶ 16, 21, 34, Lawsuit #1).

In response to Lawsuit #1, Defendant filed a motion to dismiss, arguing that Plaintiff failed to file suit within one year after the EEOC or FCHR certified that a right-to-sue notice had been mailed to Plaintiff, as required by Fla. Stat. § 760.11(8)(c). (DE 5 at 4-6, Lawsuit #1). Upon

review of the motion, Judge Marra determined he could not resolve the merits because the pleadings did not reveal the date on which the right-to-sue notice had been mailed to Plaintiff. (DE 13 at 8-9, Lawsuit #1). Accordingly, Judge Marra converted the motion to dismiss into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). (DE 13 at 8-9, Lawsuit #1). Judge Marra instructed the parties to complete their discovery on a limited set of issues and to propose a briefing schedule for summary judgment. (DE 13 at 8-9, Lawsuit #1). Ultimately, Judge Marra never issued a ruling on summary judgment because Plaintiff stipulated to a voluntary dismissal with prejudice before he could do so. (DE 20, Lawsuit #1).

Thereafter, in April 2026, Plaintiff filed this case ("Lawsuit #2"), asserting a new theory of discrimination. (DE 1-2, Lawsuit #2). Whereas Lawsuit #1 alleged unlawful termination, Lawsuit #2 alleges unlawful failure to rehire. Specifically, Plaintiff alleges that, "[a]fter her termination, [she] remained interested in employment with Defendant." (DE 1-2 ¶ 15, Lawsuit #2). Plaintiff alleges she "became aware of an open position for which she was qualified" and that she "applied for the position and received confirmation that the Defendant had received her application." (DE 1-2 ¶¶ 16-17, Lawsuit #2). Despite her qualifications and prior experience, Defendant did not contact, interview, or meaningfully consider Plaintiff for the position. (DE 1-2 ¶ 18, Lawsuit #2). Plaintiff alleges that Defendant discriminated against her, in violation of the FCRA, by failing to hire her for the new position. (DE 1-2 ¶¶ 25-37, Lawsuit #2).

Of significance here, the Complaint in Lawsuit #2 omits two key pieces of information. First, Plaintiff does not identify the *date* that Defendant failed to hire her for the new position. Second, although Plaintiff alleges, in conclusory fashion, that she filed a charge of discrimination prior to bringing Lawsuit #2 (DE 1-2 ¶ 4), she does not clarify whether she filed a *new* charge of

discrimination, or whether she is attempting to rely upon the same, earlier charge of discrimination that supported Lawsuit #1. The Complaint remains unclear on these two factual issues.

## II. STANDARD

By way of the pending motion, Defendant moves to dismiss Lawsuit #2 pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In evaluating a Rule 12(b)(6) motion, a court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Defendant raises two arguments in support of dismissal. As set forth below, the Court cannot resolve either issue on the pleadings alone.

### A. *Res Judicata*

Defendant first urges dismissal under the doctrine of *res judicata*, arguing that the previous dismissal of Lawsuit #1 precludes Lawsuit #2. (DE 14-1 at 8). "*Res judicata* is founded on the principle that a full and fair opportunity to litigate protects a party's adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *McCulley v. Bank of Am.*,

*N.A.*, 605 F. App'x 875, 877 (11th Cir. 2015) (quotations omitted). As a general rule, *res judicata* will bar a subsequent action if "(1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; and (4) the prior and present causes of action are the same." *Israel Discount Bank, Ltd. v. Entin*, 951 F.2d 311, 314 (11th Cir. 1992).

In this case, the prior and present causes of action are not the same. In particular, Lawsuit #1 alleged a claim for unlawful termination, whereas Lawsuit #2 alleges a claim for unlawful failure to rehire. As the Eleventh Circuit has recognized, however, *res judicata* applies not only to claims *actually brought* in a prior action but also to claims that *could have been brought* in a prior action. *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001) (citation omitted). For purposes of *res judicata*, claims that "could have been brought" means claims that were "in existence" when the complaint in the prior action was filed. *Id.* at 1298; *see also Shurick v. Boeing Co.*, 623 F.3d 1114, 1118 (11th Cir. 2010) (noting that "claims that could have been brought are claims in existence at the time the original complaint [was] filed") (citation omitted).

To determine whether *res judicata* applies, therefore, this Court must determine whether Plaintiff's failure-to-rehire claim, as asserted in Lawsuit #2, was "in existence" on the date Plaintiff filed her complaint in Lawsuit #1, which was January 26, 2024. (DE 1-1, Lawsuit #1). The Court cannot make this determination because Plaintiff's Complaint in Lawsuit #2 does not reveal any of the key dates giving rise to the failure-to-rehire claim. Plaintiff does not allege the date she saw the posting for the new job, nor does she allege the date she submitted her application for the new job, nor does she allege the date Defendant failed to hire her for the new job. The Complaint is completely silent on these issues. As such, the Court cannot determine, from the

pleadings alone, when the new claim came into "existence." The Court must therefore reject this argument for dismissal.

**B. Failure to Exhaust Administrative Remedies**

Defendant next urges dismissal for failure to exhaust administrative remedies prior to bringing claims under the FCRA, as required by Fla. Stat. § 760.11(1). (DE 14-1 at 6). Specifically, Defendant argues that Plaintiff's claim for failure to rehire constitutes a new, discrete act of discrimination that post-dated her earlier charge of discrimination and therefore required her to begin the exhaustion process anew, with a new charge of discrimination. *See Kelly v. Dun & Bradstreet, Inc.*, 557 F. App'x 896, 899 (11th Cir. 2014) ("Discrete acts of discrimination, such as termination or failure to promote, that occur after the filing of an EEOC complaint must first be administratively reviewed before they may serve as a basis for a judicial finding of discriminatory conduct.") (citation omitted).

Defendant's argument implies that Plaintiff did not, as a factual matter, file a new charge of discrimination with the EEOC or FCHR before instituting Lawsuit #2. In response, Plaintiff argues that the case cannot be dismissed because she affirmatively alleged that she satisfied all necessary conditions precedent, including filing a charge of discrimination, prior to bringing Lawsuit #2. (DE 1-2 ¶ 4). Plaintiff argues that the Court must accept this allegation as true at this stage of the case. (DE 16 at 7). The Complaint does not clarify, of course, whether Plaintiff filed a *new* charge of discrimination prior to filing Lawsuit #2, or whether she is attempting to rely upon the same, earlier charge of discrimination that supported Lawsuit #1.

Construing all allegations in the light most favorable to Plaintiff, the Court will construe her allegations to mean that she filed a new charge of discrimination prior to filing Lawsuit #2 and

that she properly exhausted her administrative remedies. The Court therefore rejects this argument for dismissal.

### C. Leave to Re-File as a Motion for Summary Judgment

As set forth above, the Court could not resolve Defendant's arguments on the merits because Plaintiff's Complaint does not answer key questions concerning (a) the timing of Plaintiff's failure-to-rehire claim, and (b) whether or not Plaintiff filed a new charge of discrimination before filing Lawsuit #2. These factual issues should be easily clarified with discovery. The Court therefore recommends that the District Judge allow a brief thirty-day period of discovery on these issues, after which, Defendant should be permitted to raise these arguments again by way of a motion for summary judgment. The Court considered converting the instant motion into a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d), but the Court opts to deny the pending motion and recommend leave to file an early summary judgment motion instead.

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the pending motion (DE 14) be **DENIED.** The Court further recommends that the District Judge allow a brief thirty-day period of discovery on the issues identified above, after which, Defendant should be permitted to file a motion for summary judgment on the issues identified in the motion to dismiss.

Pending the District Judge's resolution of this Report and Recommendation, Plaintiff may only file an Amended Complaint in full compliance with Fed. R. Civ. P. 15.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de

novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 21st day of August 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE